129 F.3d 124
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Phillip ALLISON, Plaintiff-Appellant,
v.
James H. GOMEZ, Director of Corrections; E. Roe, Warden;
M. Yarborough, Associate Warden; R. Morris, Chief Deputy
Warden; D. Gilbert, Appeals Coordinator; R. Johnson, Chief
Medical Officer, Defendants-Appellees.
 No. 96-56732.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1997.**
Nov. 6, 1997.
 
 Appeal from the United States District Court for the Central District of California, No. CV-95-00231-RAP; Richard A. Paez, District Judge, Presiding.
 Before: HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Phillip Allison, a California state prisoner, appeals pro se the district court's summary judgment in favor of the defendants in his 42 U.S.C. § 1983 action alleging deliberate indifference to his medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, see Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996), and affirm.
 
 
 3
 Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Here, Allison must raise a genuine issue of material fact as to whether the defendants were deliberately indifferent to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). Prison officials are deliberately indifferent if they "deny, delay, or intentionally interfere with medical treatment." See Hamilton v. Endell, 981 F.2d 1062, 1066 (9th Cir.1992). In addition, Allison must show that the defendants purposefully ignored or failed to respond to his pain or medical needs. See McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir.1992). Furthermore, Allison must show that the defendants' deliberate indifference caused harm. See id. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir.1988).
 
 I. Transfer to Non-Medical Facility
 
 4
 Allison contends that there exists a material issue of fact as to whether the defendants were deliberately indifferent to his serious medical needs when they transferred him to a non-medical facility. This contention lacks merit.
 
 
 5
 In support of their motion for summary judgment, the defendants offered evidence that Allison was transferred from Lancaster, a non-medical facility, to Pelican Bay, another non-medical facility, after being found guilty of possessing an inmate manufactured weapon in his cell. Allison failed to offer any evidence in opposition indicating that the transfer constituted deliberate indifference to his serious medical needs, or that there was a causal connection between his transfer and his worsened condition. Accordingly, the district court did not err in granting summary judgment in favor of the defendants on the claim. See McGuckin, 974 F.2d at 1060; Leer, 844 F.2d at 633.
 
 II. Denial/Delay of Medical Treatment
 
 6
 Allison also contends that there exists a material issue of fact as to whether the defendants were deliberately indifferent to his serious medical needs by denying and delaying proper treatment and medication. We disagree.
 
 
 7
 First, because Dr. Johnson was the only defendant who played any role in Allison's medical care, there is no basis for liability against the other defendants. See Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 694 n. 58 (1978) (recognizing that respondeat superior theory of liability cannot support claim under section 1983). Second, the record indicates that Dr. Johnson was reasonably responsive to Allison's medical needs. Allison's blood pressure was closely monitored shortly after his arrival at Lancaster, and medication was prescribed to control his hypertension. Allison was also sent to a local hospital after Johnson ordered tests related to his kidney problems. While the record indicates that these tests did not take place until approximately two months after they were ordered, nothing in the record indicates that Johnson was responsible for the delay. Furthermore, Allison failed to establish a causal connection between any of Johnson's actions and his worsened condition because there is no preventative treatment for polycystic disease. It also appears from the record that Allison was not even housed at Lancaster when some of the acts complained of occurred. Accordingly, the district court did not err in granting summary judgment in favor of the defendants on the claim. See Estelle, 429 U.S. at 104-105; McGuckin, 974 F.2d at 1059-60; Leer, 844 F.2d at 633.
 
 
 8
 Allison also contends that the district court improperly granted the defendants' application to extend the motion cut-off date. This contention lacks merit because the district court properly granted the application under the local rules. See C.D. Cal. Civ. R. 7.3.2.[1]
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Allison also contends in his reply brief that the disciplinary proceedings related to his transfer violated due process. Because Allison did not raise this claim in his opening brief, we do not consider it. See Officers for Justice v. Civil Serv. Comm'n, 979 F.2d 721, 726 (9th Cir.1992)